IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LANGFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-372-BN |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, | § | |
| LLC, dba Family Dollar #07148, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCY**

Plaintiff James Langford filed this premises liability action in a Dallas County, Texas state court against Defendant Family Dollar Stores of Texas, LLC dba Family Dollar #07148 ("Family Dollar"), and Family Dollar, asserting that it is an incorrectly named party in the state court petition, removed based on diversity subject-matter jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1.

After the parties consented in writing through their Federal Rule of Civil Procedure 26(f) joint status report, *see* Dkt. No. 6 at 3, United States District Judge Sam A. Lindsay ordered this lawsuit transferred to the undersigned United States magistrate judge for all further purposes under 28 U.S.C. § 636(c), *see* Dkt. No. 7.

The Court enters this memorandum opinion and order because it is not apparent that subject-matter jurisdiction under Section 1332 has been alleged and to allow Family Dollar an opportunity to amend the notice of removal by **April 18, 2025** to avoid the remand of this lawsuit to state court.

A defendant may remove an action filed in state court to federal court if the

action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, so they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

Because Family Dollar chose to remove this lawsuit to federal court, it undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

Under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Family Dollar, a limited liability company, satisfactorily alleges its citizenship, *see* Dkt. No. 1, ¶¶ 11-15 & Exhs. C, D, E, F, & G; *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023), and the requisite amount in controversy, *see* Dkt. No. 1, ¶ 17; Dkt. No. 1-4 at 3 (petition requesting "monetary relief over $250,000.00 but not more than $1,000,000.00"); *Greenberg*, 134 F.3d at 1253 ("[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." (cleaned up)).

As to Langford's citizenship, Family Dollar alleges that Langford "asserts that he is an individual and natural person who resides in and at all time relevant in Dallas County, Texas and is domiciled there," Dkt. No. 1, ¶ 10, while Lanford alleges in his state court petition that he "is an individual and natural person who resides in and at all times relevant in Dallas County, Texas" and then provides the last three digits of his social security number, his date of birth, and the last three digits of his driver's license (without identifying which state issued that license), Dkt. No. 1-4 at 4-5.

These allegations are not sufficient to allege citizenship under Section 1332.

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW*, 83 F.4th at 407. And,

> [i]n *Coury v. Prot*, the [United States Court of Appeals for the] Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

So "[a]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th

321, 322 (5th Cir. 2024) (per curiam).

And the additional personal details offered by Langford's complaint do not facilitate factfinding under the *Coury* factors.

So, in the Court's view, Family Dollar has – so far – not carried its burden to show that there is federal subject-matter jurisdiction, subjecting this lawsuit to *sua sponte* remand. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (noting that "[t]he [removal] statute declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded" (emphasis in original)).

Still, even though this lawsuit was removed on February 14, 2025, remand is not required if Family Dollar is able to amend its notice of removal "to set forth more specifically the jurisdictional grounds for removal." *A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." (citations omitted)).

If Family Dollar fails to do so by **April 18, 2025**, the Court will *sua sponte* remand this lawsuit to the Dallas County state court from which it was removed without further notice.

SO ORDERED.

DATE: April 3, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE